UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARNOL CASTILLO AND<br>ELVIN SUAZO CLARK | * <br> * <br> * | CIVIL ACTION NO:<br><br>SECTION " " |
| VERSUS | * <br> * | MAG |
| FRESH CUT LANDSCAPING, INC.,<br>BRENDA NEWFIELD, AND RANDY CARL<br>NEWFIELD | * <br> * <br> * | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### PRELIMINARY STATEMENT

Plaintiffs, Arnol Castillo and Elvin Suazo Clark, bring this action against Defendants, Fresh Cut Landscaping, Inc., Brenda Newfield, and Randy Carl Newfield, for violating §§ 7 and 15(a)(2) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* and for violating the provisions of the Louisiana Wage Payment Act (LWPA), R.S. 23:631, et seq., which violations occurred while Plaintiffs were working for Defendants, Fresh Cut Landscaping, Inc., Brenda Newfield, and Randy Carl Newfield.

### I. JURISDICTION

1. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, the Court's federal question jurisdiction, 29 U.S.C. § 201, *et seq.,* the Fair Labor Standards Act (FLSA), and the Court's Supplemental Jurisdiction, 28 U.S.C. § 1367.

### II. VENUE

2. The unlawful actions about which Plaintiffs complain herein occurred within the Eastern District of Louisiana, and as a result, this Honorable Court is the proper venue for this action.

## III. PARTIES

3. At all times relevant hereto, Plaintiff, Arnol Castillo, was a person of the full age of majority and a resident of the Eastern District of Louisiana.

4. At all times relevant hereto, Plaintiff, Elvin Suazo Clark, was a person of the full age of majority and a resident of the Eastern District of Louisiana.

5. At all times relevant hereto, Defendant, Fresh Cut Landscaping, Inc. (Fresh Cut), was a Louisiana Corporation which was domiciled in the Eastern District of Louisiana.

6. At all times relevant hereto, Defendant, Brenda Newfield, was a resident of and domiciled in the Eastern District of Louisiana.

7. At all times relevant hereto, Defendant, Randy Carl Newfield, was a resident of and domiciled in the Eastern District of Louisiana.

## IV. STATEMENT OF THE FACTS

8. At all times relevant hereto, Plaintiffs, Arnol Castillo and Elvin Suazo Clark, were employed as Laborer(s)/Gardner(s) by Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield.

9. At all times relevant hereto, Defendant, Fresh Cut, was an enterprise within the meaning of § 3 (r) of the FLSA, 29 U.S.C. § 203 (r) in that Defendant was, through a unified operation or common control, engaged in the performance of related activities for a common business purpose.

10. At all times relevant hereto, Defendant, Fresh Cut, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(S)(1)(A) of the FLSA,

2

29 U.S.C. § 203(S)(1)(A), in that Defendant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that moved in or were produced for commerce by any person, and Defendant, Fresh Cut, had an annual gross volume of sales made or business done of not less than $500,000.00. As a result, at all times relevant hereto, Defendant, Fresh Cut, was covered by the overtime provisions of the FLSA.

11. At all times relevant hereto, Defendant, Randy Carl Newfield, was a member, officer, principal, and manager of Defendant, Fresh Cut, and actively managed, supervised, and directed the business affairs and operations of Defendant, Fresh Cut.

12. Additionally, at all times relevant hereto, Defendant, Randy Carl Newfield, acted directly and indirectly in the interest of Defendant, Fresh Cut, in relation to the Plaintiffs, including but not limited to determining the rate of pay and hours worked by the Plaintiffs, and, as a result Defendant, Randy Carl Newfield, was an employer of the Plaintiffs within the meaning of the FLSA.

13. At all times relevant hereto, Defendant, Brenda Newfield, was a member, officer, principal, and manager of Defendant, Fresh Cut, and actively managed, supervised, and directed the business affairs and operations of Defendant, Fresh Cut.

14. Additionally, at all times relevant hereto, Defendant, Brenda Newfield, acted directly and indirectly in the interest of Defendant, Fresh Cut, in relation to the Plaintiffs, including but not limited to determining the rate of pay and hours worked by the Plaintiffs, and as a result,

Defendant, Brenda Newfield, was an employer of the Plaintiffs within the meaning of the FLSA.

15. At all times relevant hereto, Plaintiffs, Arnol Castillo and Elvin Suazo Clark, performed gardening and other laboring functions under the direction and control of Defendants, Fresh Cut, Brenda Newfield and Randy Carl Newfield, all of whom exercised supervisory authority over the Plaintiffs and all of whom had the authority to terminate the Plaintiffs.

16. At all times relevant hereto, Defendants, Fresh Cut, Brenda Newfield and Randy Carl Newfield, directed Plaintiffs' work on a daily basis which included giving Plaintiffs their work assignments, setting Plaintiffs' hours of work, determining Plaintiffs' rate(s) of pay, and having the authority to terminate the Plaintiffs.

17. At all times relevant hereto, Defendants, Fresh Cut, Brenda Newfield and Randy Carl Newfield, provided Plaintiffs the equipment they used in performing their job duties and/or an office within which to perform their job duties.

18. During Plaintiffs employment, Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield, failed to pay Plaintiffs, Arnol Castillo and Elvin Suazo Clark, in accordance with the overtime provisions of the FLSA.

19. Additionally, throughout Plaintiffs employment, Defendant, Fresh Cut, failed to pay Plaintiffs for all hours that they worked and improperly withheld wages from Plaintiffs for unauthorized reasons that did not justify the amounts withheld.

### V. COUNT ONE - FAIR LABOR STANDARDS ACT

20. Plaintiff reiterates all the allegations contained in ¶¶ 1 - 19 herein.

21. Plaintiff, Arnol Castillo worked as a laborer/gardener with Defendants, Fresh Cut, Brenda

Newfield, and Randy Carl Newfield, from approximately March of 2015 through approximately August of 2016.

22. Plaintiff, Elvin Suazo Clark, worked as a laborer/gardener with Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield, from approximately January 2, 2014 through approximately December 20, 2014.

23. At all times relevant hereto, Plaintiffs, Arnol Castillo and Alvin Suazo Clark, routinely worked in excess of forty (40) hours per week during their employment with Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield.

24. During the period from approximately January of 2014 through approximately August 2016, Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield, knowingly and willfully violated the provisions of §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing the Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating Plaintiffs for their employment in excess of forty (40) hours per week at rates not less than one and one-half times their regular rates of pay.

25. The failure of Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield, to pay the Plaintiffs at an hourly rate equal to one-and-a-half times their regular hourly rate for all time they worked in excess of forty (40) hours in any work week was a knowing, willful, and bad faith violation of the FLSA.

26. As a result of the violations of the overtime provision of the FLSA about which Plaintiffs complain herein, overtime compensation was unlawfully withheld from the Plaintiffs by the Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield.

27. As a result of the willful and bad faith violations of the overtime provisions of the FLSA, about which Plaintiffs complain herein, Plaintiffs are entitled to recover from Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield, the amount of their unpaid overtime compensation, an additional equal amount as liquidated damages as provided by the FLSA, pre and post-judgment interest, attorneys' fees, litigation expenses and Court costs and such other equitable relief as the Court deems just and proper.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiffs, Arnol Castillo and Elvin Suazo Clark, have consented in writing to be party Plaintiffs in this FLSA action. The written consents of the Plaintiffs herein are attached to this Complaint.

**COUNT TWO - LWPA**

29. Plaintiffs reiterate all their allegations contained in ¶¶ 1 - 28 herein.

30. During Plaintiffs' employment, Defendant, Fresh Cut, refused without justification to pay the Plaintiffs their wages for all hours that Plaintiffs worked.

31. In refusing without justification to pay the Plaintiffs their wages for all hours that the Plaintiffs worked, Defendant, Fresh Cut, arbitrarily, capriciously, and in bad faith violated the provisions of the Louisiana Wage Payment Act (LWPA), R.S. 23:631 et seq., and as a result, Defendant, Fresh Cut, is legally liable unto Plaintiffs for all wages that Defendant refused to pay the Plaintiffs, plus ninety (90) days penalty wages and reasonable attorneys' fees.

32. Additionally, during Plaintiffs' employment, Defendant, Fresh Cut, made unjustified and unauthorized deductions from Plaintiffs' wages in violation of the Louisiana Wage Payment Act (LWPA), R.S. 23:631 et seq.

33. In making unjustified and unauthorized deductions from Plaintiffs' wages, Defendant, Fresh Cut, arbitrarily, capriciously, and in bad faith violated the LWPA, and as a result, Defendant, Fresh Cut, is legally liable unto the Plaintiffs for the amount of these unauthorized and unjustified deductions from Plaintiffs' wages, plus ninety (90) days penalty wages, and reasonable attorneys' fees. R.S. 23:631 et seq.

34. As a result of the bad faith violations of the LWPA, about which Plaintiffs complain herein, Defendant, Fresh Cut, is legally liable unto Plaintiffs, Arnol Castillo and Elvin Suazo Clark, for their unpaid wages, plus ninety (90) days penalty wages, and reasonable attorneys' fees.

35. As a result of Defendants' violations of the overtime provisions of the FLSA and the wage provisions of the LWPA, Defendants, Fresh Cut, Brenda Newfield, and Randy Carl Newfield, are legally liable unto Plaintiffs, Arnol Castillo and Elvin Suazo Clark, for the following:

    a) Overtime pay for all hours they worked in excess of forty (40) in any work week;

    b) Liquidated damages in an amount equal to the amount of overtime pay Plaintiffs are owed by Defendants;

    c) All wages that were unjustly withheld from Plaintiffs during their employment with Defendant, Fresh Cut;

    d) Ninety (90) days penalty wages; and

    e) Reasonable attorneys' fees.

36. **PLAINTIFFS DEMAND A JURY TRIAL HEREIN ON ALL ISSUES.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Arnol Castillo and Elvin Suazo Clark, pray that this Honorable Court enter a judgment herein in Plaintiffs' favor and against Defendants, Fresh Cut Landscaping, Inc., Brenda Newfield and Randy Carl Newfield, *in solido*, for the following relief:

1. A judgment declaring that Defendants, Fresh Cut Landscaping, Inc., Brenda Newfield and Randy Carl Newfield, willfully violated the overtime provisions of the FLSA as alleged herein by Plaintiffs, Arnol Castillo and Elvin Suazo Clark;

2. A judgment in favor of Plaintiffs, Arnol Castillo and Elvin Suazo Clark, and against Defendants, Fresh Cut Landscaping, Inc., Brenda Newfield and Randy Carl Newfield, on Plaintiffs' overtime claims under the FLSA, and awarding Plaintiffs, Arnol Castillo and Elvin Suazo Clark, their unpaid overtime wages and an equal amount in liquidated damages;

3. A judgment awarding Plaintiffs, Arnol Castillo and Elvin Suazo Clark, all wages for which they were not paid by Defendant, Fresh Cut Landscaping, Inc.;

4. A judgment awarding Plaintiffs, Arnol Castillo and Elvin Suazo Clark, wages for all unjustified and unauthorized deductions from their pay that Defendant, Fresh Cut Landscaping, Inc., made during Plaintiffs' employment;

5. A judgment awarding Plaintiffs ninety (90) days penalty wages;

6. A judgment awarding Plaintiffs, Arnol Castillo and Elvin Suazo Clark, reasonable attorneys' fees;

7. A judgment awarding Plaintiffs, Arnol Castillo and Elvin Suazo Clark, their costs in this action; and

8. A judgment awarding Plaintiffs, Arnol Castillo and Elvin Suazo Clark, further relief as the Court deems necessary, just and appropriate.

Respectfully Submitted,

/s/ Clement P. Donelon
CLEMENT P. DONELON, (LA. BAR #4996)
3900 N. Causeway Blvd., Suite 1470
One Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 887-0077
Facsimile: (504) 887-0078
cpdlaw@aol.com
cdonlaw@gmail.com
Counsel for Plaintiffs

LEEFE, GIBBS, SULLIVAN & DUPRÉ, LLC

/s/ Michael R. Gelder
MICHAEL R. GELDER, La. Bar No. 30210
3900 North Causeway Blvd.
One Lakeway Center, Suite 1470
Metairie, LA 70002
Telephone: (504) 830-3939
Facsimile: (504) 830-3998
Mrgelder@leefegibbs.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARNOL CASTILLO AND ELVIN SUAZO CLARK | * | CIVIL ACTION NO: |
| | * | SECTION " " |
| VERSUS | * | MAG |
| FRESH CUT LANDSCAPING, INC., BRENDA NEWFIELD, AND RANDY CARL NEWFIELD | * | JURY TRIAL DEMANDED |

## PARTY PLAINTIFF CONSENT

Pursuant to 29 U.S.C. ˅ 216(b), I have read the Complaint herein and I hereby give my willful consent to be a party plaintiff in the above-styled action.

Signed this ___18___ day of March, 2017, Metairie, Louisiana.

_____
Elvin Suazo Clark

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARNOL CASTILLO AND<br>ELVIN SUAZO CLARK | * <br> * <br> * | CIVIL ACTION NO:<br><br>SECTION " " |
| VERSUS | * <br> * | MAG |
| FRESH CUT LANDSCAPING, INC.,<br>BRENDA NEWFIELD, AND RANDY CARL<br>NEWFIELD | * <br> * <br> * | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PARTY PLAINTIFF CONSENT

Pursuant to 29 U.S.C. ' 216(b), I have read the Complaint herein and I hereby give my willful consent to be a party plaintiff in the above-styled action.

Signed this _16_ day of March, 2017, Metairie, Louisiana.

_____
Arnol Castillo